# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**COUNTRY INNS & SUITES BY**
**CARLSON, INC.**

**Plaintiff,**

-vs-                                                          **Case No.  6:07-cv-104-Orl-28DAB**

**INTERSTATE PROPERTIES, LLC ,**
**WILLIAM ABRUZZINO,  JAGDISH**
**SINGH**

**Defendants**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| |
|---|
| **MOTION:**    **MOTION TO COMPEL DISCOVERY (Doc. No. 30)** |
| **FILED:**       **January 31, 2008** |
| _____ |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. |

At issue appears to be Defendant's request that Plaintiff provide information on replacement

franchises, in order to evaluate the fairness of the liquidated damages clause.  According to Plaintiff's

response, Plaintiff does not characterize their franchises as "replacement" franchises, but rather has

provided information as it exists in their records relating to identifying all of the licensees who have

either joined or left Plaintiff's franchise system since 2000 (Doc. No. 32 at 14).  As the precise

information[1] sought by Defendant is not within Plaintiff's knowledge, as Plaintiff does not track its franchisees in that manner, and Plaintiff has produced all it has that relates to the existence of current and former franchisees, the motion is moot.  The Court agrees with Plaintiff that it can not be compelled to provide what does not exist.  As for the second part of the motion, as it appears from Plaintiff's response and the motion itself that the parties have adopted an appropriate remedy to resolve any unresolved issues regarding the corporate deposition, Court interference is unnecessary.

**DONE** and **ORDERED** in Orlando, Florida on February 12, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Defendant's definition could be characterized as argumentative rather than informational since it relies on terminology that is not that used by Plaintiff nor, apparently, a standard part of the jargon of the industry.