# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**COUNTRY INNS & SUITES BY CARLSON, INC.**

                **Plaintiff,**

**-vs-**                                        **Case No. 6:07-cv-104-Orl-28DAB**

**INTERSTATE PROPERTIES, LLC, WILLIAM ABRUZZINO, JAGDISH SINGH**

                **Defendants**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR ATTORNEY'S FEES (Doc. No. 60)
>
> **FILED:** November 26, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

As well summarized by Defendants Interstate Properties, LLC and William Abruzzino ("Defendants"):

"Plaintiff, Country Inns & Suites by Carlson, Inc. (Country Inns) seeks attorneys' fees and expenses of $138,396.12[1] contending it reasonably required twelve (12) attorneys over three hundred eighty (380) hours to obtain a summary judgment on one (1) count of a complaint seeking to enforce a liquidated damages clause in a contract."

As the Court finds that Plaintiff is entitled to a reasonable attorneys' fee award but agrees with Defendants that the amount sought is unreasonable, it is **respectfully recommended** that the motion be **granted, in part, as set forth herein.**

## *BACKGROUND*

According to the record, in January 2007, Plaintiff filed this action in seven counts alleging damages flowing from breach of a hotel franchise agreement (Doc. No. 1). Count I sought damages for franchise fees and Count II sought liquidated damages under the license agreement. Counts III and IV sought equitable relief, but Plaintiff ultimately dropped those counts and asserts in its motion that it is not seeking fees or costs relating to those counts. Counts V, VI and VII were directed to a defendant that was not served and Plaintiff voluntarily dismissed the case against this defendant, thus eliminating these counts.

With respect to the remaining two counts, Defendants conceded liability for some franchise fees but disputed the amount. The Court denied Plaintiff's motion for summary judgment on Count I and the parties settled the matter as to that count for $2,000.00 (Doc. Nos. 48 and 52). As for Count II, the Court granted Plaintiff's motion for summary judgment (Doc. No. 48). Defendants concede that Plaintiffs are entitled to reasonable attorney's fees for work related to prevailing on one count of

---

[1] The motion states that it seeks $138,236.03 (Doc. No. 60). As either amount is too high, as explained herein, the discrepancy is of no moment.

the seven count complaint, but contends that the rates sought by Plaintiff are too high for this market and the time sought is excessive. The Court, in large measure, agrees.

### *ISSUES AND ANALYSIS*

#### *The scope of the claim*

The parties agree that under the prevailing party language of the License Agreement, Plaintiff is entitled to collect costs and attorneys' fees associated with the liquidated damages claim, as it prevailed. Plaintiff contends that it is also entitled to collect fees and costs related to the franchise fee count (on which it did not prevail, but settled), as those issues are "inextricably intertwined" with the liquidated damages claim. The record, however, persuades the Court otherwise.

The matter was pled in separate counts, and involved separate contentions and unique defenses.[2] While both counts sprung from the License Agreement, that alone does not make them "intertwined" to the extent the work must be included, as evidenced from the fact that Plaintiff was able to properly exclude work relating to the counts of improper use of Plaintiff's trademarks, which also derived from the License Agreement. Summary judgment was granted to Plaintiff on the liquidated damages count, but denied as to the other. Indeed, the matters were so distinct that the parties settled the franchise fee count (a modest claim to begin with) but did *not* settle the liquidated damages count. This would not have been possible if the matters were truly inextricable. Plaintiff is entitled only to a reasonable fee for the one count as to which it prevailed.

#### *Applicable Standard of Law*

In this circuit, the Court applies the familiar lodestar approach in order to determine a reasonable attorney fee. "The starting point in fashioning an award of attorney's fees is to multiply

---

[2]Defendants did not dispute entitlement to franchise fees, for example, but did dispute the amount. By contrast, Defendants disputed the entire liquidated damages count.

the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985)

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988) , (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974))  The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman,* 836 F.2d 1292 at 1303. With respect to rates, an applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299.  In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303.  With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461

U.S. at 433. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434.

### *The Fee Claim*

Plaintiff claims the following hours and rates:

| Timekeeper | Position | Hours | Rate 2007 | Rate 2008 |
|---|---|---|---|---|
| GPM firm: | | | | |
| Kirk Reilly | partner | 208.40 | $370 | $410 |
| J. Stover | partner | 45.90 | $260 | $290 |
| C. Miller | partner | 37.60 | $295 | $330 |
| C. Foulds | associate | 2.20 | $190 | $215 |
| K. Moran | partner | 10.90 | $260 | $290 |
| K. Hoversten | partner | 2.40 | $245 | $260 |
| M. Granlund | paralegal | 7.15 | $190 | $205 |
| | | Total: 314.55 | Total amount | $112,321.75 |
| Bush Ross firm: | | | | |
| A. Schumacher | partner | 59.40 | $275 | $300* |
| S. Givens | associate | 1.7 | $230 | $240* |
| C. Andersen | partner | .6 | $290 | $290 |
| K. Skorewicz | associate | 1.20 | $250 | $250 |
| M. Williams | associate | .2 | $250 | $250 |
| A. Moe | associate | 3.6 | $215 | $215 |
| | | Total: 66.70 | Total amount | $18,964.50 |
| *as of Dec. 2008 | | | | |

**Reasonable Hours**

The Court agrees with Defendants that the claim is excessive. While the matter was not routine, it was not so complex that it warranted particular expertise, above and beyond that required

of any practitioner of commercial litigation in federal court.[3] Plaintiff does not identify any *Johnson* factor that would serve to justify the 380 plus hours expended by the *twelve* attorneys (and a paralegal) Plaintiff used in this matter on these tasks. Here, the use of so many professionals to prosecute a breach of contract dispute is inherently unreasonable.

The timesheets reflect substantial redundancy (numerous "conferences" among the various counsel) and other duplicate efforts (reviewing each other's work) which are not automatically chargeable to one's adversary.[4] Moreover, the timesheets include time spent on matters such as preparing and filing motions for pro hac vice admission to this Court; a task which is personal to counsel but which does not advance the case against the adversary one iota. While Plaintiff (or any party for that matter) has the right to the services of any counsel it chooses, when, as here, the cost of counsel is to be visited on another party, that right is not unfettered. The record simply will not support the claimed hours.

Defendants have presented a well-reasoned response, including a summary of tasks and an Affidavit of counsel, contending that a reasonable amount of hours to prosecute this breach of contract federal case through summary judgment (including trial preparation time) would be 160.5 hours (Doc. Nos. 67-68). Upon review of the billing and the papers of record, and taking into account reductions for duplicative or unnecessary work and work outside the scope of the compensable claim, the Court

---

[3]The division of legal labor by both firms is strikingly top heavy. In any litigation, there are routine tasks that do not call for devotion of substantial amounts of time from senior counsel billing at the highest rates. In this case, despite the involvement of numerous billing professionals (creating some of the redundancy noted above), there appears to have been little effort to "downstream" necessary but far from crucial or complex tasks to individual with billing rates more suitable to those tasks.

[4]Some of the timesheets are redacted, but detail multiple individuals billing each discrete task such as service issues.

agrees in part and finds 100 partner hours and 70 hours of associate time (plus 5 hours of paralegal time) reflect services reasonably performed.

### *Reasonable Rates*

As is clear from the chart above, counsel claim rates ranging from a high of $410 per hour for partner work, to $250 for associates. While the Court has no doubt that counsel are impressive and well-credentialed and that such rates may be commanded as of course in counsel's home state, reasonable rates are judged in accordance with the legal market (Orlando) and the services provided. Here, the Court notes that local counsel (a partner level attorney) charged $275 per hour for most of the services she provided. Associate fees for local counsel ranged from $215 to $250. The Court finds these rates to be evidence of what is reasonable in this market. Taking into account the *Johnson* factors to the extent the Court has evidence of same, and absent any compelling justification for the higher range of rates requested, the Court finds $230 an hour to be reasonable for associate time and $275 to be reasonable for partner time. The Court notes that $190 would be considered overly generous in this market for paralegal time, but $130 is justifiable for a well-experienced professional. The Court therefore finds a reasonable award of fees to be **$44,250.00**, and **recommends** award of same.

Taxable costs (which do not include electronic research charges) may be recovered via the filing of a Bill of Costs to be taxed by the Clerk in the usual manner. *See* Rule 54(d)(1).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December , 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy