# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COUNTRY INNS & SUITES BY CARLSON, INC.**

          **Plaintiff,**

-vs-                                  **Case No. 6:07-cv-104-Orl-28DAB**

**INTERSTATE PROPERTIES, LLC, WILLIAM ABRUZZINO, JAGDISH SINGH**

          **Defendants**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR APPELLATE ATTORNEYS' FEES (Doc. No. 82)**
>
> **FILED:** September 15, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

The background of this case is set forth in a prior Report (Doc. No. 69). For present purposes, the record reveals that Defendants appealed the grant of summary judgment in favor of Plaintiff, which was based on Plaintiff's complaint to enforce a liquidated damage provision in the franchise agreement. The Eleventh Circuit affirmed the judgment of the District Court (Doc. No. 79). Upon affirmance, Plaintiff/Appellee moved for attorneys' fees incurred in connection with that appeal. The

appellate court granted the motion with respect to entitlement, but remanded the matter to this Court for a determination as to the appropriate amount of attorney's fees (Doc. No. 80).

Upon remand, this Court directed the parties to confer with regard to the amount sought and, if no stipulated sum could be agreed upon, directed Plaintiff to file a motion with supporting evidence. Plaintiff filed the instant motion, which includes (as requested by the Court) the papers filed with the appellate court on this issue. Defendants have responded (Doc. No. 100), and the matter is now ripe for decision. For the reasons set forth below, it is **respectfully recommended** that the motion be granted, in part, and a fee in the total amount of $18,725.00 be awarded.

**Issues and Analysis**

According to its papers, Plaintiff seeks $28,935.86 in fees relating to the defense of the appeal. Defendants oppose the amount, asserting that 1) the hourly rates are too high; 2) the amount of hours claimed is excessive; and 3) the claim includes services which are not properly included in a fee application for appellate work.

*The applicable law*

The parties have briefed the issue of determination of the amount of attorney's fees differently, with Plaintiff asserting that it is a matter of Florida state law and Defendants contending that the Court should apply the federal lodestar standard. As this is a diversity case, state rules regarding the award of attorney's fees are to be applied. *See, e.g., McMahan v. Toto*, 256 F.3d 1120, 1133 (11th Cir. 2001). As the Florida Supreme Court and the district courts in this Circuit employ the same lodestar approach to determine reasonable fee awards[1] however, the Court will analyze the claim for attorney's

---

[1] "We find the federal lodestar approach . . . provides a suitable foundation for an objective structure." *Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145, 1150 (Fla.1985) (adopting the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F. 2d 714 (5th Cir. 1974).)

fees according to federal law. *See Schafler v. Fairway Park Condominium Ass'n*, 324 F.Supp.2d 1302, 1312 (S.D. Fla. 2004), *affirmed,* 147 Fed. Appx. 113 (11th Cir. 2005) (not selected for publication).

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988), (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)) The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d 1292 at 1303. With respect to rates, an

applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434.

The following lawyers claim the following hours and rates:

| Timekeeper | Position/Firm | Hours | Rate |
|---|---|---|---|
| Kirk Reilly | partner/GPM | 13.2 | $435 |
| Jason Stover | partner/GPM | 39.5 | $325 |
| Alicia Schumacher | partner/Bush, Ross | 12.3 | $310 |
| Keith Skorewicz | associate/Bush, Ross | 8.3 | $275 |
| Karen Cox | partner/Bush, Ross | .9 | $310 |

### *Reasonable Hours*

The billing sheets attached to the motion reflect over 73 hours of legal work, expended by five attorneys--four partner-level attorneys and one senior associate. While the defense of the appeal was obviously successful, and there is no dispute that Defendants are entitled to reasonable appellate fees; the claimed amount is not reasonable and cannot be justified under the *Johnson* factors. The Court addresses the factors, as set forth in Plaintiff's brief:

*--- The time and labor required, the novelty and difficulty of the question involved, and the skill required of counsel*

Plaintiff contends that it was forced to undertake "extensive" legal research and prepare an "extensive" response brief, due to Defendants' "refusal to accept the enforceability" of the liquidated

damages provision (Doc. No. 82-2 at 14). Initially, the Court notes that less than half the total time claimed was spent on the "extensive" research and brief writing, and only two of the five lawyers billing on the file worked on the brief. Moreover, while the Court accepts Plaintiff's representation that this case was no doubt important to Plaintiff, from the vantage point of the Court it is a fairly simple breach of contract case. Indeed, the Eleventh Circuit affirmed in a three page opinion that cited only one case on the merits. As this Court noted previously, this matter was not so complex that it warranted particular expertise, above and beyond that required of any practitioner of commercial litigation in federal court (Doc. No. 69). The nature of the case did not change on appeal, and (one presumes) the issues were appropriately researched in the District Court and should have needed only updating.

Additionally, the Court finds that the billing itemization reflects amounts of time that are either not properly billable as fees or are otherwise duplicative or unnecessary. For example, counsel seeks reimbursement for Westlaw services, work done in connection with *pro hac vice* applications, and for review of matters unrelated to the appeal.[2]

In addition to charging for matters that are not properly visited on the adversary as appellate fees, Defendants rightly take issue with the number of attorneys billing on this file. Although local counsel billed 20.5 hours on this appeal, much of that time was spent reviewing the work of the other attorneys. Indeed, local counsel did not research or write the brief, nor did they participate in oral argument or mediation, yet *three* attorneys, two at partner level, billed time. The number of "reviews"

---

[2] The December 30, 2008 entry, for example, reflects time for review of the court's prior report and recommendation regarding the attorney's fee motion. The January 28, 2009 entry includes time to review Defendants' objection to the bill of costs filed in this court.

and "conferences" amongst the lawyers are not commensurate with the level of difficulty of the task at hand.

*--The likelihood that acceptance of the particular matter will preclude other employment by the lawyer; and the time limitations imposed by the client or the circumstances of the case;*

The Court agrees with Plaintiff that these two factors are not relevant to the application.

*--The fee customarily charged in the Middle District of Florida for similar legal services*;

Plaintiff contends that the fees charged here – ranging from $275 for the lone associate to $435 for the highest billing rate partner– are "reasonable when compared to the rates charged by attorneys practicing in this district." (Doc. No. 82-2). This, of course, is inconsistent with the rates this Court has already found to be reasonable for this case, with respect to work performed in the trial court. Despite acknowledging in its initial brief that the Middle District is the relevant market, Plaintiff contends in its reply brief to the appellate court that the relevant market is actually "the national market for practitioners in the specialized area of franchise law." (Doc. No. 82-4 at 12). According to Plaintiff, the case required the specialized services of these particular practitioners.[3] The record simply does not support this contention. The issues were not particularly novel or complex, and the Orlando legal market is blessed with an ample supply of skilled litigators who routinely handle cases with such issues. Absent some novel twist or complexity not present in this breach of contract case, when one brings suit in Orlando, the relevant market for purposes of determining fees is Orlando. In this market, in this economy, a lawyer billing (and collecting) at $435 an hour in a breach of contract case is rare indeed. Absent direct evidence or specific opinion evidence that such a rate is reasonable,

---

[3] "It is not clear why Country should be limited in its recovery to the rates charged by lawyers in Orlando when the nature of Appellants' claims required Country to retain lawyers with expertise in a specialized legal field." (Doc. No. 82-4 at 13).

the Court continues to find such a rate to be excessive for purposes of visiting the fee upon one's adversary.[4]

That said, a rate cannot be evaluated in a vacuum but must relate to the task at hand. While the Court found that the rate of $275 per hour for partners and $230 per hour for associates was reasonable for *trial* work, the work at issue here is *appellate* work. Allowing a higher rate for the exacting work expected in prosecuting or defending an appeal is appropriate. The rates of $300-325 for partner work and $275 for associate time are within the range of reasonableness for such work.

*– the amount involved and the results obtained*

Plaintiff asserts that the ruling in this case is exceptional, as it impacted the national franchise system. The Court does not find the case to fall within a reasonable definition of exceptional. This factor, in the Court's view, is neutral.

*– the nature of the relationship with counsel, counsels' reputation and the nature of the fees*

Plaintiff has maintained a lengthy relationship with its well-qualified counsel and the papers indicate that Plaintiff was billed on an hourly (non-contingent) basis. While Plaintiff contends that these factors support the hourly rate charged due to increased expertise, the Court finds it could equally support a reduction in number of hours needed, due to that same expertise.[5] This factor is thus not determinative.

Ultimately, after viewing all of the factors and making the deductions in time and rate deemed appropriate, as set forth above, the Court finds that a reasonable total fee due Plaintiff for successfully

---

[4]To be clear, it is of no moment to the Court if Plaintiff retains the most expensive counsel in the country, if that is what it wishes to do. The Court is concerned solely with the amount of fees to be taxed against Defendants, and that amount must be objectively reasonable. To the extent there is a gap between what is reasonable and what Plaintiff has agreed to pay its counsel, Defendants are not responsible for that upcharge.

[5]Additionally, the Court observes that well established clients with large accounts often command a discounted rate.

defending the judgment on appeal is $18,725.00 (6 hours at $250; 50 hours at $310; and 5 hours at $325.00). In the view of this Court, this amount reflects the time and care prudent counsel must necessarily undertake when defending a decision on appeal, while recognizing that the staffing of the defense (five attorneys in two firms) necessarily led to certain inefficiencies and redundancies which are not fairly visited on Defendants. It is therefore **respectfully recommended** that the motion be **granted, in part,** and that this amount be approved and awarded.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 7, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy